**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KENNETH M. ZELAZNY, )
)
Plaintiff, )
)
vs. )
)
ALLIED INTERSTATE, INC., )
)
Defendant. )

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Kenneth M. Zelazny brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Allied Interstate, Inc. Plaintiff alleges claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 et seq. ("ICFA"), and for invasion of privacy.

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331 (federal question), 1337 (commerce) and 1367 (supplemental jurisdiction).

3. Venue and personal jurisdiction in this District are proper because:

a. Defendant's collection communications were received by plaintiff within this District;

b. Defendant does or transacts business within this District.

**PARTIES**

4. Plaintiff Kenneth M. Zelazny is a senior citizen who resides in the Northern District of Illinois.

5. Defendant Allied Interstate, Inc. is a corporation with offices at 435 Ford Road, 800 Interchange West, Minneapolis, Minnesota 55426, and 3000 Corporate Drive,

Columbus, Ohio 43231.

6. Defendant Allied Interstate, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Defendant Allied Interstate, Inc. is a debt collector as defined in the FDCPA.

8. Defendant Allied Interstate, Inc. is a collection agency subject to the ICAA.

**FACTS**

9. Defendant has been attempting to collect a student loan from plaintiff. Such debt was incurred for personal, family, or household purposes.

10. Plaintiff is not the borrower. While the debtor has the same name, plaintiff's social security number and date of birth is distinct from the debtor's. Plaintiff is 26 years older than the debtor.

11. On April 10, 2009, plaintiff sent defendant, by certified mail, a letter requesting cessation of further contact. A copy of the letter is attached as Exhibit A.

12. Plaintiff also complained to the State's Attorney of Will County about defendant's telephone harassment.

13. By letter of August 4, 2009, defendant acknowledged to an investigator at the Will County States Attorney's office that plaintiff was not the debtor. A copy of this letter is attached as Exhibit B.

14. Defendant continued calling plaintiff since that time, most recently on April 28, 2011.

15. As a result, plaintiff suffered emotional distress and was required to obtain medical attention.

16. Defendant is the subject of a Government consent decree (0:10cv4295 (D.Minn., filed Oct. 21, 2010), involving allegations, inter alia, that Allied continued to contact

consumers who informed Allied that they did not owe the debt that Allied was attempting to collect. A copy of the Government complaint is attached as Exhibit C and a copy of the consent decree is attached as Exhibit D.

## COUNT I – FDCPA

17. Plaintiff incorporates paragraphs 1-16.

18. Defendant violated 15 U.S.C. §1692c by ignoring plaintiff's cease communication letter.

19. Section 1692c provides:

> **§ 1692c. Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (c) Ceasing communication--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--**
>
> **(1) to advise the consumer that the debt collector's further efforts are being terminated;**
>
> **(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**
>
> **(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**
>
> **If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

. 20. Defendant violated 15 U.S.C. §1692e by attempting to collect from plaintiff a debt which plaintiff did not owe.

21. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**

**(A) the character, amount, or legal status of any debt; . . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

**COUNT II – ILLINOIS COLLECTION AGENCY ACT**

22. Plaintiff incorporates paragraphs 1-16.

23. Defendant violated the following provisions of 225 ILCS 425/9.2:

. . . **225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**. . . (c) If a debtor notifies a debt collector or collection agency in writing that the debtor refuses to pay a debt or that the debtor wishes the debt collector or collection agency to cease further communication with the debtor, the debt collector or collection agency may not communicate further with the debtor with respect to such debt, except to perform any of the following tasks:**

**(1) Advise the debtor that the debt collector's or collection agency's further efforts are being terminated.**

**(2) Notify the debtor that the collection agency or creditor may invoke specified remedies that are ordinarily invoked by such collection agency or creditor.**

**(3) Notify the debtor that the collection agency or creditor intends to invoke a specified remedy.**

**If such notice from the debtor is made by mail, notification shall be complete upon receipt. . . .**

24. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor

of plaintiff and against defendant:

(1) Compensatory and punitive damages;

(2) Costs; and

(3) Such other and further relief as is appropriate.

**COUNT III – INVASION OF PRIVACY**

25. Plaintiff incorporates paragraphs 1-16.

26. Defendant violated plaintiff's right to seclusion.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

(1) Actual damages, including general damages;

(2) Punitive damages;

(3) Costs of suit; and

(4) Such other or further relief as the Court deems proper.

**COUNT IV – ICFA**

27. Plaintiff incorporates paragraphs 1-16.

28. Defendant engaged in both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by attempting to collect a debt from a person it knew not to owe the debt.

29. Defendant engaged in such conduct in the course of trade and commerce.

30. Defendant engaged in such conduct for the purpose of obtaining money from plaintiff.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

(1) Actual damages;

(2) Punitive damages;

(3) An injunction against further violation;

  (4) Attorney's fees, litigation expenses and costs of suit; and

(5) Such other or further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman