**EXHIBIT A**



REDACTED

April 10, 2009

Allied Interstate, Inc.
3000 Corporate Exchange Dr.
Columbus, Ohio 43231

**CERTIFIED MAIL 7008 1140 0003 9902 2879**

RE: Reference Number 41542967

Dear Sir:

Four telephone calls applicable to the above referenced account, that I strongly oppose, have been received – one from a "Steve"; two from a "Stacy" and one from a "Michelle". The second call from Stacy was especially disturbing it occurred at 7:45a.m.on a Saturday and was very offensive and irrating.

Please cease and desist calling my home phone number: ▮▮▮▮▮▮▮▮▮▮

Your cooperation is expected and appreciated.

Very truly yours,


Kenneth M. Zelazny

**<u>EXHIBIT B</u>**



Allied Interstate, Inc.
P.O. Box 26190
Minneapolis, MN 55426
800 715 0395 Main
952 595 2096 Fax

Tuesday, August 4, 2009

Investigator Dean Morelli 00-839
121 North Chicago Street
Joliet, IL 60432

RE: Case #2009-5448

To Whom It May Concern::

This communication is in response to the correspondence we received from you, and offer the following. Allied Interstate holds quality customer service as one of our highest principles.

Upon determination that we had been attempting to contact the wrong party, no further contact has been attempted. Please note that the information in question has been removed from our list of possible contacts.

We regret any inconvenience Mr. Zelzany may have experienced.

Please accept our apologies for this situation and contact us if you have any further questions.


Respectfully,

Kristen Husby
Assistant Vice President
952-595-2123

**EXHIBIT C**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. |
| | ) |
| ALLIED INTERSTATE, INC., a corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, AND OTHER RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), by its undersigned attorneys, for its Complaint alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action arising under §§ 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Allied's violations of the FDCPA and Section 5 of the FTC Act.

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 57b, and 1692*l*. This action arises under 15 U.S.C. § 45(a)(1) and 15 U.S.C. § 1692*l*.

3.     Venue is proper in the United States District Court for the District of Minnesota under 28 U.S.C. §§ 1391(b)-(c) and 1395(a) and 15 U.S.C. § 53(b).

## PLAINTIFF

4.     This action is brought by the United States of America on behalf of the Federal Trade Commission.  The Commission is an independent agency of the United States government given statutory authority and responsibility by the FTC Act, *as amended*, 15 U.S.C. §§ 41-58. The Commission is charged, *inter alia*, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce; and the FDCPA, 15 U.S.C. §§ 1692-1692p, which imposes duties upon debt collectors.

## DEFENDANT

5.     Defendant Allied Interstate, Inc. ("Allied"), is a Minnesota corporation with its principal place of business located at 435 Ford Road, 800 Interchange West, Minneapolis, Minnesota 55426.  At all times relevant to this Complaint, Allied has transacted business in this district and throughout the United States.

6.     Allied is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## COMMERCE

7.     At all times material to this Complaint, Allied has maintained a substantial course of trade, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS PRACTICES

8.    From its offices in Minneapolis, Minnesota, and eleven other offices throughout the United States and in Canada, India, and the Philippines, Allied engages in consumer debt collection activities throughout the United States.

9.    Allied regularly attempts to collect debts by contacting consumers by telephone.

10.    During the period from January 1, 2006 through at least December 31, 2008:

(a)    In numerous instances when Allied contacted consumers to collect a debt, those consumers told Allied that they did not owe the debt that Allied was attempting to collect.  Nonetheless, in numerous of these instances, Allied continued to telephone, sometimes frequently, and attempted to collect the debt, without taking adequate steps to determine whether its information about the debtor and the debt was accurate.

(b)    In numerous instances, Allied telephoned a person other than the debtor multiple times to request location information for a debtor, even though: (a) that person had not requested additional calls; and (b) it was not reasonable to believe that the person's earlier response disavowing knowledge of the debtor's location was erroneous or incomplete or that the person then had correct or complete location information.

(c)    In numerous instances, Allied placed collection calls to a consumer by dialing the consumer's telephone number many times a day for weeks or months, sometimes placing multiple calls over a short period of time.

Page 3 of 11

When the consumer answered some of these calls, Allied hung up, leaving the consumer with only dead air.

(d)     In numerous instances, Allied used abusive language during collection calls.

(e)     In numerous instances, when speaking with individuals other than the consumer from whom Allied was attempting to collect a debt, such as the consumer's neighbors, co-workers, or non-spousal family members, Allied revealed the existence of the debts without the consumer's prior consent or as otherwise permitted under section 805(b) of the FDCPA.

(f)     In numerous instances, Allied threatened to file suit against consumers if they failed to pay the debt Allied was attempting to collect when, in fact, Allied did not intend to file suit.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

11.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

12.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I

13.     In numerous instances, during telephone calls to consumers who had previously told Allied that they did not owe the debt that Allied was attempting to collect, Allied represented, directly or indirectly, expressly or by implication, that the consumers owed the debt.

14.     In truth and in fact, in numerous instances Allied did not have a reasonable basis for the representations described in Paragraph 13 at the time the representations were made.

15.     Therefore, the making of the representation set forth in Paragraph 13 constitutes deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

16.     In numerous instances, Allied represented, directly or indirectly, expressly or by implication, that Allied intended to take legal action against a consumer if the consumer did not pay the debt Allied was attempting to collect.

17.     In truth and in fact, in numerous instances in which Allied made the representations set forth in paragraph 16, it did not intend to take legal action against the consumer.

18.     Therefore, Allied's representations as set forth in Paragraph 16 were and are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.     In 1977, Congress passed the FDCPA, 15 U.S.C. §§1692-1692p, which became effective on March 20, 1978, and has been in force since that date.  Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, specifically empowers the Commission to enforce the FDCPA.  Under its provisions, for purposes of the exercise by the Commission of its functions and powers under the FTC Act, a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act.  Further, the Commission is authorized to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any person, irrespective of

whether that person is engaged in commerce or meets any other jurisdictional tests in the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule.

20.     The term "consumer," as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

21.     The term "location information," as used in this Complaint means a consumer's place of abode and the consumer's telephone number at such place, or the consumer's place of employment, as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7).

## COUNT III

22.     In numerous instances, in connection with the collection of debts, Allied, directly or indirectly, communicated more than once with persons other than the consumer for the purpose of obtaining location information about the consumer without being requested to do so, and without a reasonable belief that: (1) the earlier response of the person was erroneous or incomplete; and (2) that the person had subsequently obtained correct or complete location information, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3).

23.     Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and practices alleged in Paragraph 22 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT IV

24.     In numerous instances, in connection with the collection of debts, Allied, directly
or indirectly, communicated with persons other than the consumer, including parents, children,
neighbors, employers, and co-workers, for purposes other than acquiring location information
about a consumer, without the prior consent of the consumer given directly to the debt collector
or the express permission of a court of competent jurisdiction, and when such communication
was not reasonably necessary to effectuate a post-judgment judicial remedy, in violation of
Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

25.     Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and
practices alleged in Paragraph 24 also constitute unfair or deceptive acts or practices in violation
of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT V

26.     In numerous instances, in connection with the collection of debts, Allied, directly
or indirectly, engaged in violations of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including,
but not limited to, the following:

(a)     Using language the natural consequence of which was to abuse the hearer,
        in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); and

(b)     Causing a telephone to ring, or engaging a person in telephone conversation,
        repeatedly or continuously with the intent to annoy, abuse, or harass the person at
        the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C.
        § 1692d(5).

27.     Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and

practices alleged in Paragraph 26 also constitute unfair or deceptive acts or practices in violation

of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**COUNT VI**

28.     In numerous instances, in connection with the collection of debts, Allied used

false, deceptive, or misleading representations or means, in violation of Section 807 of the

FDCPA, 15 U.S.C. § 1692e, including, but not limited to threatening to take actions that could

not legally be taken or that were not intended to be taken, in violation of Section 807(5) of the

FDCPA, 15 U.S.C. § 1692e(5).

29.     Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the acts and

practices alleged in Paragraph 28 also constitute unfair or deceptive acts or practices in violation

of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND FDCPA**

30.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to

issue a permanent injunction to ensure that Allied will not continue to violate the FTC Act and

the FDCPA.

**EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA**

31.     Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this

Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the

enforcement of the FDCPA and the FTC Act,  including the ability to order the disgorgement of

ill-gotten monies.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

32.     Allied  violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

33.     Each instance within five (5) years preceding the filing of this Complaint, in which Allied failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

34.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorizes the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA before February 10, 2009, and not more than $16,000 for each violation of the FDCPA after that date.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 1692*l*, and the Court's own equitable powers, requests that the Court:

1.      Enter judgment against Allied and in favor of Plaintiff for each law violation alleged in this Complaint;

2.      Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Allied;

3.      Award such relief as the Court finds necessary to redress injury to consumers resulting from Allied's violations of the FTC Act and the FDCPA, including but not limited to, the disgorgement of ill-gotten monies;

4.     Award Plaintiff monetary civil penalties for each violation of the FDCPA

occurring within five (5) years preceding the filing of this Complaint; and

5.     Award Plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.


**DATED:** _____

| OF COUNSEL: | FOR THE PLAINTIFF: |
| | FOR THE UNITED STATES OF AMERICA |

JOEL WINSTON
Associate Director

TONY WEST
Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

Thomas E. Kane
James L. Chen
Attorneys
Division of Financial Practices
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone:  202-326-2304 (Thomas Kane)
Fax:       202-326-3768
Email:  tkane@ftc.gov (Thomas Kane)

B. TODD JONES
United States Attorney
District of Minnesota

By:    s/ Gregory G. Brooker
Gregory G. Brooker
Attorney ID No. 166066
Assistant U.S. Attorney for the District of Minnesota
300 S. Fourth Street, Suite 600
Minneapolis, MN 55415
Tel:  612-664-5600
Fax:  612-664-5689
Email: greg.brooker@usdoj.gov

EUGENE M. THIROLF
Director
Office of Consumer Litigation

KENNETH L. JOST
Deputy Director
Office of Consumer Litigation

By:    s/ Alan Phelps
ALAN PHELPS
Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Telephone:  202-307-6154
Facsimile:  202-514-8742
E-mail:  alan.phelps@usdoj.gov

**EXHIBIT D**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 10-cv-04295-PJS -AJB |
| ALLIED INTERSTATE, INC., a corporation, | ) | |
| Defendant. | ) | |

## CONSENT DECREE

**WHEREAS**, Plaintiff, the United States of America, has commenced this action by filing the Complaint herein; Defendant Allied Interstate, Inc. ("Allied") has waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of this Consent Decree and without Allied admitting any of the matters alleged in the Complaint other than jurisdictional facts;

**THEREFORE**, on the joint motion of Plaintiff and Allied, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction of the subject matter and of the parties.

2. The Complaint states a claim upon which relief may be granted against Allied under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)-(c) and 1395(a) and

15 U.S.C. § 53(b).

4.     The activities of Allied are in or affecting commerce, as "commerce" is defined in

Section 4 of the FTC Act, 15 U.S.C. § 44.

5.     For purposes of this Consent Decree ("Decree"), the definitions set forth in the

FDCPA shall apply.

6.     Allied has entered into this Decree freely and without coercion. Allied further

acknowledges that it has read the provisions of this Decree and is prepared to abide by them.

7.     Plaintiff and Allied, by and through their counsel, have agreed that the entry of this

Decree resolves all matters of dispute between them arising from the Complaint in this action, up

to the date of entry of this Decree.

8.     Allied has not admitted any of the allegations of wrongdoing set forth in the

Complaint, and entry of this Decree is not an admission of any such allegations of wrongdoing or

violation of law. Nonetheless, Allied stipulates and agrees to entry of this Decree in order to

settle and resolve these disputes.

9.     All parties waive all rights to seek appellate review or otherwise challenge or

contest the validity of this Decree. Allied further waives and releases any claim it may have

against the Federal Trade Commission, its employees, representatives, or agents.

10.     Allied agrees that this Decree does not entitle it to seek or obtain attorneys' fees as

a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by

Page 2 of 19

Pub. L. 104-121, 100 Stat. 847, 863-64 (1996), and further waives any right to attorneys' fees that may arise under said provision of law.

11.     Entry of this Decree is in the public interest.

## DEFINITIONS

For purposes of this Decree, the following definitions shall apply:

1.     "Commission" or "FTC" means the Federal Trade Commission.

2.     "Allied" means Allied Interstate, Inc. and its successors and assigns.

## I.     CIVIL PENALTY

**IT IS ORDERED** that:

A.     Allied shall pay to the Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of one million seven hundred fifty thousand dollars ($1,750,000).

B.     Allied shall make the payment required by this Section on or before the tenth day following entry of this Decree. Such payment shall be made by electronic fund transfer in accordance with procedures specified by the Office of Consumer Litigation, Civil Division, United States Department of Justice, Washington, D.C. 20530.

C.     In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

D.     Allied relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Allied shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

E.      Allied agrees that, in any subsequent civil litigation filed by or on behalf of the

Commission to enforce its rights to any payment or money judgment pursuant to this Order, the

facts as alleged in the Complaint filed in this action shall be taken as true, without further proof.

## II.     INJUNCTION AGAINST VIOLATIONS OF THE FTC ACT

**IT IS FURTHER ORDERED** that Allied and its officers, agents, servants, employees,

and all persons or entities in active concert or participation with any of them who receive actual

notice of this Decree by personal service or otherwise, whether acting directly or through any

entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or

attempting to collect debts, are hereby permanently restrained and enjoined from taking the

following actions:

A.      Making any material misrepresentation expressly or by implication, to collect or to

attempt to collect a debt or obtain information concerning a consumer; and

B.      Making any material representation, expressly or by implication, that a consumer

owes a debt or as to the amount of a debt, unless, at the time of making the representation, Allied

has a reasonable basis for making such representation. *Provided that*, in those instances in which

Allied (a) is required by Section III.A of this Decree to conduct an investigation, (b) has done so,

and (c) has reasonably concluded that the information on which Allied relies to collect or attempt

to collect the debt is accurate and complete, the conclusions of the investigation shall constitute a

reasonable basis.

*Provided further that* in making representations concerning a debt, Allied can reasonably rely on

information from its clients in the absence of a reasonable indication, either from the information

itself or from other information received from the consumer, that such information is unreliable or

does not substantiate the claim. A "reasonable indication" shall take into account the reliability

and source of the information, but shall not require any of the Part III investigational procedures outlined below, other than taking into account the reliability and source of the information.

## III.  DUTY TO CONDUCT A REASONABLE INVESTIGATION

**IT IS FURTHER ORDERED** that:

A.  After the effective date of this Decree, in each and every instance in which:

1.  a consumer, at any time, questions, disputes, or challenges the accuracy or completeness of the information on which Allied is relying to make any representation that the consumer owes a debt or as to the amount of a debt; or

2.  a person acting reasonably would consider the information on which Allied is relying to make any representation regarding either the existence or the amount of a debt to be implausible, facially unreliable, or missing essential information;

Allied shall either close the account and permanently terminate collection efforts in respect to that instance in which the client placed that debt with Allied or conduct a reasonable investigation into the accuracy or completeness of such information.  If such disputes are raised during a telephone call with the consumer, Allied may reasonably provide responsive information or pose reasonable questions to the consumer, in a manner that complies with applicable law, in an effort to resolve any such disputes raised by the consumer.  If the consumer continues to question, dispute, or challenge the debt, Allied shall make no further attempt to collect the debt or report it to a consumer reporting agency (CRA) until it has completed an investigation and has reasonably concluded that the information is accurate and complete.  *Provided* that, if as a result of its decision to permanently terminate collection efforts or if following a reasonable investigation,

Allied does not substantiate that the consumer owes the debt, Allied shall not sell the debt or provide it to any other corporate entity other than the client from which it obtained the debt.

*Provided further* that nothing in Sections II and III shall require Allied to conduct an investigation into the accuracy or completeness of the information on which Allied is relying if Allied determines that the consumer's question, dispute, or challenge is frivolous or irrelevant or, to the extent no new material evidence or information has been provided, has already been the subject of a reasonable investigation. Notwithstanding any other provision in this Decree, the Decree shall not restrict or prohibit Allied from complying with any federal or state law requirements, so long as such state law requirements are not inconsistent with federal law.

*Provided further* that if a consumer initiates contact with Allied by any means, Allied may respond to the consumer prior to the completion of the investigation.

B.    For purposes of this Decree, a "reasonable investigation" shall mean an investigation in which Allied objectively evaluates and weighs the relevant information and circumstances, which may include, among other things:

1.    the reliability of the information on which Allied relies in collecting or attempting to collect the debt, including the credibility of the source of that information;

2.    information from Allied's clients, in the absence of a reasonable indication that such information is unreliable, taking into account its nature and source;

3.    the accuracy and completeness of any information Allied has obtained or may obtain from third-party sources, including data aggregators, brokers, or CRAs;

4.    the strength and credibility of any information provided by the consumer questioning, disputing, or challenging the accuracy or completeness of such information or otherwise obtained by Allied and the responsiveness of the consumer to reasonable requests for information;

5.    with respect to information obtained from the consumer, the methods used by Allied to collect the information, which shall be in compliance with applicable laws; and

6.    any other reliable information that contradicts or calls into question the accuracy or completeness of such information.

C.    Subsections A and B of this Section do not affect Allied's obligations to comply with all applicable provisions of the FDCPA or Fair Credit Reporting Act ("FCRA").  A "dispute" under this Section does not necessarily constitute a "dispute" for FDCPA or FCRA purposes.

D.    Compliance with this Section III is effective on the date of this Decree.

## IV.    INJUNCTION AGAINST VIOLATIONS OF THE FDCPA

**IT IS FURTHER ORDERED** that Allied and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from taking the following actions:

A.    Communicating more than once with persons other than the consumer for the purpose of obtaining location information about the consumer without the person's consent or a reasonable belief that the earlier response of the person was erroneous or incomplete and that the

person now has correct or complete location information, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3).

    B.    Except as provided in Section 804 of the FDCPA, communicating with any person other than the consumer, the attorney of the consumer, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in connection with the collection of a debt, unless Allied has the prior consent of the consumer given directly to Allied or the express permission of a court of competent jurisdiction, or Allied can show that such communication is reasonably necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b);

    C.    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, the following:

        1.    Using obscene or profane language, or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); and

        2.    Causing a telephone to ring, or engaging a person in telephone conversation, repeatedly or continuously with the intent to annoy, abuse, or harass the person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5). Allied shall take reasonable steps to limit the discretion of individual debt collectors to make such calls.

    D.    Using any false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, representing or implying that (1) any action will be taken, unless at

the time of the representation, such action is lawful and Allied or the creditor intends to take such action; or (2) that any action may be taken when Allied cannot show that, at the time of the representation, there is a reasonable likelihood that such action will be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5).

     E.     Engaging in any other act or practice that would violate the FDCPA, 15 U.S.C. §§ 1692-1692p.

## V.   NOTICE REQUIREMENTS

     **IT IS FURTHER ORDERED** that:

     A.     For a period of five (5) years from the date of entry of this Decree, Allied, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a consumer for the purpose of collecting a debt:

> Federal and state law prohibit certain methods of debt collection, and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

> If you have a complaint about the way we are collecting this debt, please write to our CONTACT CENTER, [current physical address], email us at [current email address], or call us toll-free at [current phone number] between 9:00 A.M. Central Time and 5:00 P.M. Central Time Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877- FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580.

The above disclosure shall be given in the language(s) that appear in such communications sent to consumers.

B.     Allied, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall provide a written (electronic or paper) copy of the following notice to all officers, servants, agents, and employees having responsibility with respect to the collection of consumer debts, within thirty (30) days of the date of entry of this Decree, and to each employee hired for a period of five (5) years after that date, no later than the time the employee assumes responsibility with respect to the collection of such debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging that he or she has read the notice.

Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers.

Section 804 of the Act says that, when contacting someone to acquire location information about the consumer who allegedly owes a debt, you may not state that the consumer owes a debt. You also may not contact this person more than once unless the person asks you to or unless you reasonably believe the person's earlier response was wrong or incomplete and that the person now has correct or complete location information to provide to you.

Section 805 of the Act says that, in connection with the collection of a debt, you may not communicate with any person other than the consumer for a purpose other than to obtain location information

about the consumer. This means that you may not reveal the existence of a debt to anyone other than (1) the consumer who allegedly owes the debt or (2) the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

Section 806 of the Act states that you may not harass, oppress, or abuse any person in connection with the collection of a debt. Among other things, this includes calling someone repeatedly or continuously to annoy, abuse, or harass the person. It also includes using obscene or profane language, or language that is likely to abuse the person, when speaking with anyone.

Section 807 of the Act prohibits you from representing or implying that any action, including legal action, will be taken unless at the time of the representation, such action is lawful and there is a clear intent to take such action. Section 807 also prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information about a consumer.

**Individual debt collectors are liable for their violations of the Act, and may be required to pay penalties if they violate it.**

**Provided** that for purposes of compliance with Part V.B of this Decree, the signature required for the employee's statement that he or she has read the notice may be in the form of an electronic signature.

## VI.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Decree:

A.    Within ten (10) days of receipt of written notice from a representative of the Commission, Allied shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Allied's possession or direct or indirect control to inspect the business operation;

B.    In addition, the Commission is authorized to use all other lawful means, including but not limited to:

    1.    obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

    2.    having its representatives pose as consumers and potential clients to Allied, its employees, or any other entity managed or controlled in whole or in part by Allied, without the necessity of identification or prior notice; and

C.    Allied shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Decree.  The person interviewed may have counsel present.

***Provided, however,*** that nothing in this Decree shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VII.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Decree may be monitored:

A.    For a period of three (3) years from the date of entry of this Decree, Allied shall notify the Commission of any changes in its structure or the structure of any business entity that Allied directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Decree, including but not limited to:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of

a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Decree; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Allied learns less than thirty (30) days prior to the date such action is to take place, Allied shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.     One hundred eighty (180) days after the date of entry of this Decree and annually thereafter for a period of three (3) years, Allied shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Decree.  This report shall include, but not be limited to:

    1.     A copy of each acknowledgment of receipt of this Decree, obtained pursuant to the Section titled "Distribution of Decree;" and

    2.     Any other changes required to be reported under Subsection A of this Section.

C.     Allied shall notify the Commission of the filing of a bankruptcy petition within fifteen (15) days of filing.

D.     For the purposes of this Decree, Allied shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Decree to the Commission, to the following address:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
RE:  United States v. Allied Interstate, Inc.

*Provided* that, in lieu of overnight courier, Allied may send such reports or notifications by first-class mail, but only if Allied contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

    E.    For purposes of the compliance reporting and monitoring required by this Decree, the Commission is authorized to communicate directly with Allied.

## VIII. RECORDKEEPING

    **IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Decree, Allied for any of its businesses for which the primary activity is the collection of debts is hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Consumer files containing the names, addresses, phone numbers, dollar amounts of debt owed, records of collection activity, and amounts collected;

    D.    For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

        1.    Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

2.    The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer; Allied's response to the complaint and the response date; whether the complaint was resolved; the date of resolution; and any action taken to correct the conduct complained about.

E.    Copies of all scripts and other training materials related to the collection of debts;

F.    Copies of all advertisements and other marketing materials;

G.    Tape recordings of at least ninety (90) percent of all telephone calls between Allied and anyone it contacts in collecting or attempting to collect a debt, provided that Allied must commence making such recordings no later than one (1) year after the date of this Decree and must maintain these recording for 90 days after they are made; and

H.    All records and documents necessary to demonstrate full compliance with each provision of this Decree, including but not limited to, copies of acknowledgments of receipt required by the Sections titled "Notice Requirements," "Distribution of Decree and FDCPA," and "Acknowledgment of Receipt of Decree," and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## IX.    DISTRIBUTION OF DECREE AND FDCPA

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Decree, Allied shall deliver a copy of this Decree and the FDCPA to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Decree; and (3) any business entity

resulting from any change in structure set forth in Subsection A.2 of the Section titled

"Compliance Reporting." For current personnel, delivery shall be within five (5) days of service

of this Decree upon Allied. For new personnel, delivery shall occur prior to them assuming their

responsibilities. For any business entity resulting from any change in structure set forth in

Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10)

days prior to the change in structure. Allied must secure a signed and dated statement

acknowledging receipt of the Decree and the FDCPA, within thirty (30) days of delivery, from all

persons receiving a copy of the Decree and the FDCPA pursuant to this Section.

## X.  ACKNOWLEDGMENT OF RECEIPT OF DECREE

**IT IS FURTHER ORDERED** that Allied, within five (5) business days of receipt of this

Decree as entered by the Court, must submit to the Commission a truthful sworn statement

acknowledging receipt of this Decree.

## XI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Decree.


**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Allied

pursuant to all the terms and conditions recited above.

DATE:  10/22/10


s/Patrick J. Schiltz

Patrick J. Schiltz
United States District Court Judge


Page 16 of  19

The Plaintiff and Allied, by their respective counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above, which shall constitute a final judgment and order in this matter as to Allied, and consent to the entry thereof.

**FOR THE PLAINTIFF:**
**FOR THE UNITED STATES OF AMERICA**

TONY WEST
Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

Dated: October 20, 2010       B. TODD JONES
United States Attorney
District of Minnesota

By:    __s/ Gregory G. Brooker____
Gregory G. Brooker
Attorney ID No. 166066
Assistant U.S. Attorney for the District of Minnesota
300 S. Fourth Street, Suite 600
Minneapolis, MN 55415
Tel: 612-664-5600
Fax: 612-664-5689
Email: greg.brooker@usdoj.gov

EUGENE M. THIROLF
Director
Office of Consumer Litigation

KENNETH L. JOST
Deputy Director
Office of Consumer Litigation

By:    __s/ Alan Phelps____
ALAN PHELPS
Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PO Box 386
Telephone: 202-307-6154
Facsimile: 202-514-8742
E-mail: alan.phelps@usdoj.gov

**FOR THE FEDERAL TRADE COMMISSION:**

_s/ Joel Winston_
JOEL WINSTON
Associate Director for Financial Practices

THOMAS E. KANE
JAMES L. CHEN
Attorneys
Division of Financial Practices
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-3224
Fax: (202) 326-3768

Date: September 7, 2010